# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CANOO, Inc., *et al.*[1],<br><br>                        Debtors. | Chapter 7<br><br>Case No. 25-10094 (BLS)<br><br>(Jointly Administered) |
| CRAIG DAIGLE, on behalf of himself and all others similarly situated,<br><br>                        Plaintiff,<br><br>       v.<br><br>CANOO, INC., EV GLOBAL HOLDCO LLC, EV US HOLDCO INC., CANOO TECHNOLOGIES INC., CANOO MANUFACTURING, AND CANOO SALES, LLC,<br><br>                        Defendants. | Adv. Proc. No. |

**CLASS ACTION ADVERSARY PROCEEDING COMPLAINT
FOR VIOLATIONS OF (1) WARN ACT, 29 U.S.C. § 2101, *et seq.*,
(2) EMPLOYEE RETIREMENT INCOME SECURITY ACT, 29 U.S.C. §1132(a)(3)**

Plaintiff Craig Daigle ("Plaintiff") alleges on behalf of himself and a putative class of similarly situated former employees by way of this Class Action Adversary Proceeding Complaint against Canoo, Inc., EV Global Holdco LLC, EV US Holdco Inc., Canoo Technologies Inc., Canoo Manufacturing, and Canoo Sales, LLC (referred to collectively as "Debtors" or "Defendants", or individually as "Debtor" or "Defendant") as follows:

---

[1] The Debtors in these cases are the following entities (the respective case numbers for each estate follows in parentheses): Canoo, Inc. (25-10094 BLS); EV Global Holdco LLC (25-10095 BLS); EV US Holdco Inc., (25-10096 BLS); Canoo Technologies Inc. (25-10099 BLS); Canoo Manufacturing (25-10097 BLS); and Canoo Sales, LLC (25-10098 BLS).

**NATURE OF THE ACTION**

1. Plaintiff was terminated along with an estimated 300 other similarly situated employees as part of, or as the foreseeable result of mass layoffs or plant closings ordered by Defendants at its Facilities on or about January 16, 2025, and within 90 days of that date.

2. Defendants failed to give Plaintiff and other similarly situated employees of Defendants at least 60 days' advance notice of their terminations, as required by the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.*, (the "WARN Act").

3. Plaintiff seeks to enforce the WARN Act's statutory remedy of 60 days' back pay and benefits for himself and those similarly situated, pursuant to 29 U.S.C. § 2104, for the Defendants' failure to provide WARN notice prior to their terminations.

4. Plaintiff also brings a claim under the Employee Retirement Income Security Act ("ERISA") for unpaid premiums that were deducted from employees' paychecks from 2023 until Defendant's shutdown on or about January 16, 2025, pursuant to 29 U.S.C. §1132(a)(3).

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334, 157(b) and the Amended Standing Order of Reference of the United States District Court for the District of Delaware Dated January 16, 2012.

6. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).

7. Pursuant to Fed. R. Bankr. P. 7012(b) and Del. Bankr. L.R. 7012-1, Plaintiffs consent to entry of final orders or judgment by the bankruptcy court.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1409 and 29 U.S.C. § 2104(a)(5).

## THE PARTIES

*<u>Plaintiff</u>*

9. Plaintiff Craig Daigle was employed by Defendant as a Facilities Manager at Defendants' facility located at 9528 W Interstate 40 Service Rd. Oklahoma City, Oklahoma (the "Oklahoma City Facility") from December 11, 2023 until January 16, 2025.

10. Plaintiff is a resident of the state of Oklahoma.

11. On January 16, 2025, Plaintiff was notified of his termination of employment.

12. Plaintiff was terminated without cause.

13. At no time prior to January 16, 2025, did Plaintiff receive written notice that his employment would be terminated.

14. Along with Plaintiff, at least 50 other full-time employees of Defendants who worked at, reported to, or received assignments from the Oklahoma City Facility, as well as a facility in Justin, Texas (together, the "Facilities"), were terminated on or about January 16, 2025 or within 90 days of that date, without 60 days' advance written notice and without cause.

*<u>Defendants</u>*

15. Upon information and belief, at all relevant times, Defendants, as a single enterprise, operated an electric vehicle startup with facilities in California, Oklahoma, Texas and Arkansas.

16. On January 17, 2025, the Debtors filed voluntary petitions in the United States Bankruptcy Court for the District of Delaware for relief under Chapter 7 of the Bankruptcy Code, commencing the above-captioned bankruptcy cases. Joint administration of their cases was ordered by the Court on January 30, 2025 (Bankr. No. 25-10099-BLS (D.I. 13).

17. Debtor EV Global Holdco LLC is 100% owned by Canoo, Inc.

18. Debtor EV US Holdco Inc. is 100% owned by EV Global Holdco LLC.

19. Debtor Canoo Technologies Inc. is 100% owned by EV US Holdco Inc.

20. Debtor Canoo Manufacturing LLC is 100% owned by Canoo Technologies Inc.

21. Debtor Canoo Sales LLC is 100% owned by Canoo Technologies Inc.

22. Debtors EV Global Holdco LLC, EV US Holdco Inc., Canoo Technologies Inc., Canoo Manufacturing, LLC, and Canoo Sales, LLC are wholly-owned direct and indirect subsidiaries of Debtor Canoo, Inc.

23. EV Global Holdco LLC, EV US Holdco Inc., Canoo Technologies Inc., Canoo Manufacturing, LLC, and Canoo Sales, LLC share a common board of directors.

24. Defendants constitute a single employer under the WARN Act.

25. Upon information and belief, Defendants sponsored qualified employee benefit health and life insurance plans.

26. Beginning in November 2024, Defendants began furloughing their workforce.

27. On or about January 16, 2025, Defendants ceased operations and terminated their employees from the Facilities, including those furloughed beginning in November 2024.

28. None of the employees terminated on or about January 16, 2025 and within 90 days of that date received 60 days' written notice of termination.

29. Beginning in 2023 until its shutdown in January 2025, Defendants deducted amounts from employees' paychecks for contributions to qualified employee benefit plans but failed to pay premiums into those funds.

**FEDERAL WARN ACT CLASS ALLEGATIONS, 29 U.S.C. § 2104**

30. Plaintiff brings this Claim for Relief for violation of 29 U.S.C. § 2101 *et seq.*, on behalf of himself and all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Fed. R. Civ P. 23(a), who worked or were based at, or reported to and received

4

assignments from, the Facilities and were terminated without cause on or about January 16, 2025 and within 90 days of that date, as the reasonably foreseeable consequence of the mass layoff and/or plant closing ordered by Defendants on or about January 16, 2025, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

31. The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable. The precise number and identity of such persons is information within the sole control of Defendants.

32. On information and belief, the rate of pay and benefits that were being paid by Defendants to each WARN Class Member at the time of his/her termination is contained in the books and records of Defendants.

33. Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

(a) whether the members of the WARN Class were employees of Defendants who worked or were based at, or reported to and received assignments from, the Facilities;

(b) whether Defendants unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days' advance written notice in violation of the WARN Act;

(c) whether Defendants unlawfully failed to pay the WARN Class members 60 days' wages and benefits as required by the WARN Act; and

(d) whether Defendants, as a single employer, violated the WARN Act and are jointly and severally liable for the violation.

34. Plaintiff's claims are typical of those of the WARN Class. Plaintiff, like other WARN Class members, worked at, reported to, or received assignments from the Facilities, and were terminated without cause on or about January 16, 2025, due to the mass layoff and/or plant closing ordered by Defendants.

35. Plaintiff will fairly and adequately protect the interests of the WARN Class. Plaintiff has retained counsel competent and experienced in complex class actions, including the WARN Acts and employment litigation.

36. On or about January 16, 2025, Defendants terminated the employment of Plaintiff and similarly situated employees, as part of a mass layoff or a plant closing as defined by 29 U.S.C. § 2101(a)(2), (3), for which the affected employees were entitled to receive 60 days' advance written notice under the WARN Act. Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendants, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

37. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the WARN Class.

38. Plaintiff intends to send notice to all members of the WARN Class to the extent required by Rule 23.

## FIRST CLAIM FOR RELIEF
### Violation of the Federal WARN Act

39. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

40. At all relevant times, Defendants employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

41. At all relevant times, Defendants were an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639.(3)(a)(1) and continued to operate as a business until it decided to order the mass layoffs or plant closings at its Facilities.

42. Defendants operated as a single employer, as defined by the WARN Act and its regulations.

43. On or about January 16, 2025, Defendants ordered mass layoffs and/or plant closings at the Facilities as that term is defined by 29 U.S.C. § 210l(a)(2)(3).

44. The mass layoffs or plant closings at its Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(3) for at least fifty of Defendants' employees as well as thirty-three percent of Defendants' workforce at the Facilities.

45. Plaintiff and the Class Members were terminated by Defendants without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Defendants at its Facilities.

46. Plaintiff and the Class Members are "affected employees" of Defendants, within the meaning of 29 U.S.C. § 2101(a)(5).

47. Defendants were required by the WARN Act to give Plaintiff and the Class Members at least 60 days' advance written notice of their terminations.

48. Defendants failed to give Plaintiff and the Class Members written notice that complied with the requirements of the WARN Act.

49. Plaintiff and each of the Class Members are "aggrieved employees" of the Defendants as that term is defined in 29 U.S.C. § 2104(a)(7).

50. Defendants failed to pay Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, health and life insurance premiums, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to provide employee benefits including health insurance, for 60 days from and after the dates of their respective terminations.

## SECOND CLAIM FOR RELIEF
### Violation of the Employment Retirement Income Security Act ("ERISA")

51. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

52. An employer that fails to pay insurance premiums according to an ERISA plan can be liable for any losses caused by its breach of fiduciary duty. 29 U.S.C. § 1109(a),

53. An employer's fiduciary duty attaches when it appropriates insurance premiums for its own use, for which a plan fiduciary may sue for equitable relief for the breach. 29 U.S.C. §§ 1002(21)(A), 1132(a)(3).

54. Beginning in 2023 until its shutdown in January 2025, Defendants failed to pay premiums to qualified employee benefit plans from the amounts deducted from employees' paychecks, in violation of ERISA.

55. Plaintiff seeks from Defendants, including corporate owners, officers, directors or individual persons, recovery of the amounts deducted from employees' paychecks for the purposes of contributing to qualified benefit plans but which were not paid to those plans.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief as against Defendants:

A. Certification of this action as a class action;

B. Designation of Plaintiff as the Class Representative;

C. Appointment of the undersigned attorneys as Class Counsel;

D. A judgment in favor of Plaintiff and each of the affected employees equal to the sum of: their unpaid wages, salaries, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for up to 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period all determined in accordance with the WARN Act, 29 U.S.C. §2104(a)(1)(A), including any civil penalties, with the first $15,150.00 of each Class member's allowed claim entitled to wage priority claim treatment under 11 U.S.C. § 507(a)(4) and (5), and any remainder as a general unsecured claim and the remainder as a general unsecured claim;

E. Judgment in favor of each Class Member under ERISA under 29 U.S.C. §1132(a)(3).

F. Certification that Plaintiff and the other Class members constitute a single class with or without subclasses as provided under Rule 23(c)(4);

G. An allowed administrative priority claim against Defendants under 11 U.S.C. § 503 for the reasonable attorneys' fees and the costs and disbursements that Plaintiff incur in prosecuting this action, as authorized by the WARN Acts;

    H.      Interest as allowed by law on the amounts owed under the preceding paragraphs; and

    I.      Such other and further relief as this Court may deem just and proper.

Dated: February 17, 2025

                                        Respectfully submitted,

By: */s/ Christopher D. Loizides*
Christopher D. Loizides (No. 3968)
**LOIZIDES, P.A.**
1225 King Street, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 654-0248
Facsimile: (302) 654-0728
E-mail: loizides@loizides.com

OF COUNSEL:

Jack A. Raisner
René S. Roupinian
**RAISNER ROUPINIAN LLP**
270 Madison Avenue, Suite 1801
New York, New York 10016
Telephone: (212) 221-1747
Facsimile: (212) 221-1747
Email: rsr@raisnerroupinian.com
Email: jar@raisnerroupinian.com

*Attorneys for Plaintiff and the putative class*